UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES A. ROBERTS, SR., )
)
                Plaintiff, )
)
  vs. )    1:11-cv-1438-JMS-DML
)
CENDANT MORTGAGE CORP., et al., )
)
                Defendants. )

**Entry Discussing Motion for Temporary Restraining Order**

For the reasons explained in this Entry, the plaintiff's motion for temporary restraining order must be denied.

**Discussion**

James A. Roberts, Sr., has sued PHH Mortgage Corporation f/k/a/ Cedant Mortgage Corporation ("PHH Mortgage"), among others, alleging that there were deficiencies in a mortgage foreclosure action brought by PHH in an Indiana state court ("the foreclosure action"). Roberts seeks to have the judgment issued in the foreclosure action set aside.

By way of background, Roberts alleges that the foreclosure action was filed on October 17, 2007, that the property associated with the foreclosure action is commonly known as 6448 Horizon Court, Indianapolis, Indiana, that the foreclosure action was concluded on September 5, 2008, when the trial court issued summary judgment in favor of the plaintiff(s), that a Sheriff's sale was conducted on May 19, 2010, at which time the property was sold to PHH Mortgage, and that on May 21, 2010, PHH Mortgage conveyed and warranted the property to the Secretary of Veterans Affairs. Additionally, a writ of eviction has been issued by the state court in which the foreclosure action had been filed and Roberts, who continues to occupy the property, can be evicted any time on or after November 1, 2011. Along with his complaint filed on October 28, 2011, Roberts filed a motion for temporary restraining order.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). To prevail on his motion, the plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. *See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation,* 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Indus., Ltd. v. Equitrac Corp.,* 300 F.3d 808, 811 (7th Cir. 2002); *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater plaintiff's chances of success on the merits, the less strong a showing plaintiff must make that the balance of harm is in his favor. *Storck v. Farley Candy Co.,* 14 F.3d 311, 314 (7th Cir. 1994).

The first question, therefore, is whether Roberts has a reasonable likelihood of success on the merits. On this point, the answer is that he has an exceedingly slim likelihood of success on the merits.

The *Rooker–Feldman* doctrine, *see generally Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr,* 551 F.3d 564, 568 (7th Cir. 2008). The *Rooker–Feldman* doctrine prohibits a state court loser from "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis,* 546 U.S. 459, 464 (2006). The rule just described is one of jurisdictional significance; and "[s]ubject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States,* 569 F.3d 331, 333 (7th Cir. 2009) (citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States,* 546 U.S. 12 (2005)).

Roberts seeks the issuance of a temporary restraining order without having offered a legal argument or any legal authority for the relief he seeks. However, it is unmistakable that his motion for a temporary restraining order rests solely on his claim of misconduct by adverse parties or their counsel during the foreclosure action and of error in the outcome of the foreclosure action. His specific claim in this regard is that PHH Mortgage lacked standing to bring the foreclosure action. *Rooker-Feldman* prohibits this court from adjudicating such a claim. *See Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 558 (7th Cir. 1999) (holding that a federal plaintiff cannot circumvent *Rooker-Feldman* by alleging that misconduct of the state-court opponents caused the adverse judgment in state court).

A second inquiry is whether Roberts has an adequate remedy at law. He does, or at least he has had such a remedy available. This consists of a challenge to the foreclosure judgment in the Indiana state courts, either through an appeal or through a

post-judgment motion for relief from judgment. Those would certainly be the traditional avenues through which legal error or fraud could be argued. Roberts does not state whether he has pursued such remedies, but the fact that they exist shows an adequate remedy at law, whether actually used or not.

A twist to the foregoing factors here is that Roberts' interest in the property at 6448 Horizon Court, Indianapolis, Indiana, was foreclosed upon not later than at the Sheriff's sale in May 2010. Following this, Roberts filed bankruptcy and received a discharge in No. 10-12986-JKC-7. These circumstances explain why Roberts does well to claim only that he occupies the property, not that he has any right to the title to or possession of the property. This twist shows that Roberts has virtually no prospect of prevailing in any challenge to the foreclosure action in this lawsuit.

The remaining factors do not weigh heavily, if at all, in favor of Roberts obtaining relief at this point. He does not have title to the property. His interest in the property has been foreclosed upon through litigation. The title rests elsewhere and the compelling public interest in honoring the principal attribute of property ownership is to recognize that the holder of title to property is entitled to possession.

Roberts has not established a basis for injunctive relief in this case. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, he has not shown a reasonable likelihood of success on the merits. Thus, the plaintiff's motion for a temporary restraining order [6] is **denied.**

**IT IS SO ORDERED.**

Date: 10/31/2011

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES A. ROBERTS, SR.
6448 Horizon Court
Indianapolis, IN 46260