UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES A. ROBERTS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1438-JMS-DML |
| | ) | |
| CENDANT MORTGAGE CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Directing Further Proceedings**

Subject matter jurisdiction relates to the court's power to adjudicate a case. *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010); *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243, (2010). The threshold question in every case is whether the court has the power to entertain the suit. *Warth v. Seldin,* 422 U.S. 490, 498 (1975).

Federal district courts are courts of limited jurisdiction; A[t]hey possess only that power authorized by Constitution and statute.@ *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L.Ed.2d 502 (7th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994)). Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. *See* 28 U.S.C. '' 1331-32.

*Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009).

The plaintiff shall have **through March 21, 2012**, in which to identify a plausible basis for invoking the court's limited jurisdiction over his claim of wrongful foreclosure.

**IT IS SO ORDERED.**

Date: 03/02/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES A. ROBERTS, SR.
6448 Horizon Court
Indianapolis, IN 46260