UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES A. ROBERTS, SR., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:11-cv-01438-JMS-DML |
| | ) | |
| CENDANT MORTGAGE CORPORATION, PHH | ) | |
| MORTGAGE CORPORATION f/k/a CENDANT | ) | |
| MORTGAGE CORPORATION, MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEMS, INC., | ) | |
| and FEIWELL & HANNOY, P.C., | ) | |
|     *Defendants.* | ) | |

## ORDER

Presently pending before the Court is Defendant PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation's ("PHH") Motion to Dismiss Plaintiff's Complaint Pursuant to F.C.P.R. 12(b)(6). [Dkt. 24.] For the following reasons, the Court **GRANTS** the motion.

### I.
#### BACKGROUND

On October 28, 2011, Plaintiff James Roberts, Sr., *pro se*, filed a Temporary Restraining Order and Verified Complaint. [Dkt. 1.] He alleges that Defendants PHH, Cendant Mortgage Corporation ("Cendant"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Feiwell & Hannoy, P.C. ("Feiwell") (collectively, "Defendants") filed a foreclosure action against Mr. Roberts' property located in Indianapolis, Indiana (the "Property") on October 17, 2007, and obtained summary judgment in that action in September 2008. [*Id.* at 1, ¶ 1.] Orders of sale were issued on December 17, 2008, May 19, 2009, December 15, 2009, and March 22, 2010, and the Property was sold at Sheriff's Sale on March 26, 2010. [Dkt. 24 at 2; *see also* docket in *PHH*

*Mortgage Corp. v. James A. Roberts, et al.*, Case No. 49 D 05-0710-MF-045193 (Marion Superior Court) (the "Foreclosure Action").]<sup>1</sup>

On August 27, 2010, Mr. Roberts filed a Chapter 7 bankruptcy in the Southern District of Indiana. [Dkt. 24 at 2.] The bankruptcy case was dismissed on September 2, 2010 when Mr. Roberts failed to obtain credit counseling, but the bankruptcy court granted a motion for relief from the dismissal order on September 29, 2010. [*Id.*] On October 15, 2010, PHH filed a Motion to Abandon and Motion for Relief from Stay in the bankruptcy case, and Mr. Roberts then filed an Objection to that motion and a Motion to Compel Production of Documents. [*Id.* at 2-3.]

Mr. Roberts filed the Complaint in this case, and a Motion for Temporary Restraining Order, on October 28, 2011. [Dkts. 1; 6.] He also filed a Motion for Temporary Restraining Order in the Foreclosure Action on October 31, 2011, [dkt. 24 at 2; *see also* docket in the Foreclosure Action]. Meanwhile, the bankruptcy court denied Mr. Roberts' Motion to Compel and dismissed the bankruptcy case for failure to complete filing of documents on November 30, 2010. [Dkt. 24 at 3.] The bankruptcy court also denied Mr. Roberts' Motion for Relief from Judgment. [*Id.* at 2.]

The Complaint in this case was not served upon PHH until January 16, 2013, [*id.* at 3]. In the Complaint, Mr. Roberts alleges that Defendants seek to evict him and his family from the Property, but have "failed and/or refused to show they are in fact the true party in interest and

---

<sup>1</sup> Because PHH moves to dismiss the Complaint under Rule 12(b)(1) for lack of jurisdiction, [dkt. 24 at 3-4], the Court can consider material outside of the pleadings to resolve the motion. *See Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir. 1989) (12(b)(1) motion to dismiss for lack of jurisdiction "may be supported by whatever documents might be necessary to resolve the jurisdictional problem…"). Additionally, "[f]ederal courts can take judicial notice of the decisions of both federal and non-federal courts." *Matthews v. Capital One Bank*, 2008 U.S. Dist. LEXIS 90157, *6-7 (S.D. Ind. 2008). PHH has provided facts regarding the procedural history of the Foreclosure Action and Mr. Roberts' Chapter 7 bankruptcy, and Mr. Roberts does not dispute those facts in his Response. Accordingly, the Court will consider those facts in deciding the motion.

possess standing to evict." [Dkt. 1 at 1, ¶¶ 2-3.] Mr. Roberts alleges that he has requested documentation from Defendants showing that they have a "right in interest" to the Property, but Defendants have refused to provide that documentation. [*Id.* at 3-4, ¶¶ 5-8.] Mr. Roberts also sets forth various allegations which he claims show that Defendants "are operating under fraud and deceit" relating to their interest in the Property and standing to foreclose. [*Id.* at 4-5, ¶¶ 8-12.] Mr. Roberts states that "the real question here is whether [PHH] *ever* had standing to foreclose and thus all acts as a result thereof are voidable." [*Id.* at 3, ¶ 6 (emphasis in original).]

## II.
### STANDARD OF REVIEW

PHH moves to dismiss the Complaint under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). [Dkt. 24 at 3-5.] The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is to test the sufficiency of the complaint, not to decide the merits of the case. Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal courts. *In re Chicago, R.I. & P.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1). *Hoffman v. Gard*, 2010 U.S. Dist. LEXIS 112245, *2 (S.D. Ind. 2010). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the factual allegations of the complaint, viewing them in the light most favorable to the plaintiff, and making all reasonable inferences in their favor. *Sanner v. Board of Trade*, 62 F.3d 918, 925 (7th Cir. 1995). Additionally, in reviewing a *pro se* complaint, the Court must employ

standards less stringent than if the complaint had been drafted by counsel. *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994). A 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S.Ct. at 1951). Factual allegations must plausibly state an entitlement to relief "to a degree that rises 'above the speculative level.'" *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (*quoting Iqbal*, 129 S.Ct. at 1950).

## III.
### DISCUSSION

PHH moves to dismiss the Complaint based on the following arguments: (1) the Court does not have subject-matter jurisdiction under the *Rooker-Feldman* doctrine, because Mr. Roberts raises claims which are inextricably intertwined with the state court judgment in the Foreclosure Action, and this Court's exercise of jurisdiction over those claims would constitute an impermissible review of the state court decision, [dkt. 24 at 3-4]; (2) Mr. Roberts' claims are barred by Indiana Trial Rule 13(A), because Mr. Roberts was required to assert those claims as compulsory counterclaims in the Foreclosure Action, [*id.* at 6-7]; and (3) Mr. Roberts' claims are barred by the doctrine of *res judicata*, because this Court must give preclusive effect to the state court judgment in the Foreclosure Action, [*id.* at 8-9].

A federal court always has a responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court takes this responsibility serious-

ly, and subject-matter jurisdiction "always comes ahead of the merits." *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Accordingly, the Court will address PHH's *Rooker-Feldman* argument first.

### A. Application of the *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine gets its name from two decisions of the United States Supreme Court – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The Court must consider the applicability of the *Rooker-Feldman* doctrine before considering any other affirmative defenses. *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). If the *Rooker-Feldman* doctrine applies, the Court must dismiss the suit for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004), without considering any other defenses, *Taylor v. Fannie Mae*, 374 F.3d 529, 535 (7th Cir. 2004).

The *Rooker-Feldman* doctrine prohibits federal jurisdiction over claims seeking review of state court judgments "no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citation omitted). Application of the doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); *Kelley*, 548 F.3d at 603. In short, the doctrine prevents a party from effectively trying to appeal a state court decision to a federal district court. *Hukic*, 588 F.3d at 431.

To determine whether *Rooker-Feldman* applies, the fundamental question is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. *Garry*, 82 F.3d at 1365. If the injury allegedly resulted from the state court judgment itself, the district court lacks jurisdiction. *Id.* The *Rooker-Feldman* doctrine applies not only to claims that were actually raised before the state court, but also to claims that are "inextricably intertwined" with determinations made by the state court. *Kelley*, 548 F.3d at 603. Although the Seventh Circuit has recognized that the term "inextricably intertwined" is "a somewhat metaphysical concept," the "crucial point is whether the district court is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (citation omitted). That determination "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Id.* If a court determines that a claim is inextricably intertwined with the state court judgment, the *Rooker-Feldman* doctrine still only applies if the plaintiff had a reasonable opportunity to raise the issues in the state court proceeding. *Id.*

PHH argues that the *Rooker-Feldman* doctrine prevents the Court from exercising subject-matter jurisdiction because Mr. Roberts' claims are inextricably intertwined with the state court judgment in the Foreclosure Action. [Dkt. 24 at 3-4.] Mr. Roberts responds that the *Rooker-Feldman* doctrine does not apply to this case because, while PHH "would have this Court…believe that [his] arguments rest solely on being dissatisfied with the result in state court," he has also asserted claims under the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), and the Fifth and Fourteenth Amendments to the United States

Constitution, so "the case presents a 'federal question' and can be removed to federal court." [Dkt. 27 at 1-2.]

Mr. Roberts does not argue that his claims under federal statutes and the Constitution do not turn on a determination of the correctness of the judgment in the Foreclosure Action, nor does he argue that those claims are not inextricably intertwined with the Foreclosure Action judgment. The Court will discuss those issues, however, because they are integral to its decision.

At the outset, the Court notes that the Complaint does not specifically set forth claims under the FDCPA, TILA, RESPA, the FCRA, or the Constitution. [*See* dkt. 1.] Mr. Roberts does mention some of those claims (FDCPA, RESPA, and the Constitutional claims), however, in two other filings – his Submission of Additional Document and Issues, [dkt. 7], and his filing entitled Question of Subject Matter Jurisdiction, [dkt. 15].[2] While it is difficult to discern the basis for Mr. Roberts' statutory and constitutional claims, Mr. Roberts characterizes his case in his Response to PHH's Motion to Dismiss as follows: "Thus, the real question here is whether [PHH] *ever* had standing to foreclose and thus all acts as a result thereof are voidable." [Dkt. 27 at 3 (emphasis in original).]

So, from his very own characterization – and absent any argument from Mr. Roberts to the contrary – the Court finds that the success of Mr. Roberts' statutory and constitutional claims requires evaluation of the state court's judgment in the Foreclosure Action, which necessarily concluded that PHH *did* have standing to foreclose. This is an evaluation the Court cannot undertake based on the *Rooker-Feldman* doctrine. Indeed, the Seventh Circuit Court of Appeals and Indiana district courts have frequently held that state court eviction and foreclosure proceed-

---

[2] Mr. Roberts filed his Question of Subject Matter Jurisdiction document in response to the Court's March 2, 2012 Order, in which it directed Mr. Roberts to identify a plausible basis for invoking the Court's jurisdiction, [dkt. 12].

ings trigger the *Rooker-Feldman* doctrine, even when federal claims are subsequently raised in federal court. *See, e.g., Taylor*, 374 F.3d at 534 (claims for federal statutory violations "did not arise until the judgment of foreclosure was obtained and [plaintiff] lost her home," so "federal claims for money damages are inextricably intertwined with the state court judgment"); *Coe v. Mortgage Elec. Registration Sys.*, 2013 U.S. Dist. LEXIS 71912, *5 (S.D. Ind. 2013) (*Rooker-Feldman* doctrine prevented federal court from exercising subject-matter jurisdiction where claims in federal court lawsuit were "tantamount to a request to vacate the state court's judgment of foreclosure") (*quoting Taylor*, 374 F.3d at 533); *Linner v. Wells Fargo Home Mortg., Inc.*, 2009 U.S. Dist. LEXIS 74603 (N.D. Ind. 2009) (collecting cases).

Accordingly, because the success of Mr. Roberts' statutory and constitutional claims requires evaluation of the state court judgment in the Foreclosure Action, and those claims can only succeed if the Court were to conclude that the state court acted erroneously in finding that PHH had standing to foreclose and granting judgment in favor of PHH, the *Rooker-Feldman* doctrine bars the Court from exercising subject-matter jurisdiction in this matter.[3] The Court need not – and indeed, cannot – address the additional arguments raised by PHH in its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because of that conclusion.

The docket indicates that Cendant, MERS, and Feiwell have not entered appearances in this case, and it is not clear that those parties have even been served. However, because Mr. Roberts had an adequate opportunity to respond to PHH's motion, the Court can impute the arguments made by PHH to all of the Defendants to the extent the arguments are equally effective

---

[3] Mr. Roberts had ample opportunity to attack the validity of the state court judgment during the state court litigation, but apparently chose not to do so – except possibly for filing a Motion for Temporary Restraining Order after the Property had already been sold at Sheriff's Sale. He also could have joined Cendant, MERS, and Feiwell as defendants and asserted his statutory and constitutional claims in the state court lawsuit, which he never did.

at barring the claims against them. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (holding that where one defendant files a motion that is equally effective in barring the claim against the other defendants, the Court may *sua sponte* enter judgment in favor of the additional non-moving defendant if the plaintiff had an adequate opportunity to argue in opposition to the motion). The *Rooker-Feldman* arguments are equally effective at barring the claims against Cendant, MERS, and Feiwell, and the Court dismisses the claims against them as well.

## IV.
### CONCLUSION

For the foregoing reasons, the Court concludes that it does not have subject-matter jurisdiction over this matter. Accordingly, PHH's Motion to Dismiss Plaintiff's Complaint Pursuant to F.C.P.R. 12(b)(6), [dkt. 24], is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** as against all Defendants.[4]

06/07/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Chrysostomos E. Manolis
SHAPIRO VAN ESS PHILLIPS & BARRAGATE, LLP
cmanolis@logs.com

**Distribution via U.S. Mail:**

JAMES A. ROBERTS SR.
520 Woodmere Drive
Indianapolis, IN 46260

---

[4] "[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice." *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (citations omitted).